UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS

QUINN P. REED                                         NO.: 16-00079-BAJ-EWD

ORDER

Before the Court are Defendant's second **Motion for Extension of Time to File Substantive Motions (Doc. 30)** and **Amended Motion for Extension of Time to File Substantive Motions and Motion to Continue Trial (Doc. 31)**. The motions are opposed. (Doc. 33).

On August 19, 2016, the Court granted Defendant's first request for a thirty-day extension of the substantive motions deadline. The Court extended the substantive motions deadline to September 18, 2016, and reset the trial dates to October 17 – 18, 2016. On September 19, 2016, one day *after* the expiration of the substantive motions deadline, Defendant made a second request for a thirty-day extension of the substantive motions deadline. (Doc. 30). Defendant's proposed substantive motions deadline would have exceeded the trial dates; however, Defendant failed to properly request a continuance of the trial date pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. On September 27, 2016, Defendant cured the deficiency by moving for a continuance of the trial date. (Doc. 31).

In the motions *sub judice*, Defendant claims that his counsel received voluminous discovery from the Government on September 7, 2016, and again on

September 26, 2016. (*Id.* at ¶ 4). According to Defendant, his counsel received over 800 pages from the Government. (*Id.*). Defendant also claims that he filed his second request for an extension of the substantive motions deadline on September 15, 2016, which would have been four days *before* the September 18, 2016 deadline rather than one day *after* the deadline as reflected in the record. (*Id.* at ¶ 5). Without specifically articulating a reason to continue the trial date under the Speedy Trial Act, Defendant summarily states that a continuance of the trial is in the interest of justice and that he waives his right to a speedy trial. (*Id.* at ¶¶ 6–7).

In its opposition, the Government asserts that discovery is not voluminous and that the entire universe of discovery is less than 300 pages. (Doc. 33). The Government claims that it produced discovery on August 1, 2016, and that supplemental discovery was made available to Defendant on August 22, 2016. (*Id.* at ¶¶ 3, 7). The Government claims that defense counsel stated that he would have a runner pick-up the supplemental discovery on August 23, 2016, but that it was never picked-up. (*Id.* at ¶¶ 7, 11). The Government further asserts that it eventually mailed the discovery to defense counsel on or about September 2, 2016. (*Id.* at ¶ 11). The Government also claims that it produced only thirty-seven pages of supplemental discovery on or about September 22, 2016. (*Id.* at ¶¶ 15).

The Government contends that this case is not complex. The Court agrees. Defendant was charged with possession of marijuana with the intent to distribute and for being a felon in possession of a firearm. These charges are not inherently complex and do not warrant a continuance under the Speedy Trial Act. Furthermore,

the Court is satisfied that defense counsel has had **more than enough time** to acquire documents in discovery and to sufficiently review the documents.

Regarding the volume of discovery, the Court is concerned about the 500 page discrepancy between what Defendant claims comprises the total discovery documents and what the Government claims. The exact number of pages produced is an easily ascertainable fact, which the Court may later explore.

Finally, Defendant has not cited a permissible reason to continue the trial under the Speedy Trial Act. The right to a speedy trial is vital to our criminal justice system and cannot be compromised except in the most compelling circumstances. Here, Defendant has not described any such circumstance. Therefore, Defendant's request to continue the trial date is denied.

Nonetheless, the Court will extend the deadline for the filing of substantive motions to October 6, 2016, at 5:00 p.m. No other continuances or extensions of any kind shall be considered in this matter unless explicitly authorized under the Speedy Trial Act.

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Extension of Time to File Substantive Motions (Doc. 30)** and **Amended Motion for Extension of Time to File Substantive Motions and Motion to Continue Trial (Doc. 31)** are **DENIED IN PART** and **GRANTED IN PART** for the reasons assigned.

IT IS FURTHER ORDERED that Defendant shall have until **October 6, 2016, at 5:00 p.m.** to file substantive motions.

Baton Rouge, Louisiana, this **4th** day of October, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**