UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| QUINN P. REED | NO.: 16-00079-BAJ-EWD |

RULING AND ORDER

Before the Court is Defendant Quinn P. Reed's **First Motion to Suppress (Doc. 42)**. Defendant seeks to suppress the evidence seized incident to arrest pursuant to a warrant executed on May 26, 2016. (*Id.*). The United States filed an opposition. (Doc. 46). A hearing was held on October 25, 2016, and a deadline for the submission of post-hearing briefing was set for November 18, 2016. (Doc. 51). Both parties have submitted post-hearing briefings. (Docs. 56, 57). For the foregoing reasons the **First Motion to Suppress (Doc. 42)** is **DENIED**.

I.   BACKGROUND

Defendant was initially stopped, searched, and seized on April 27, 2015 pursuant to a traffic violation. (Doc. 42 at p. 1). At the time, the officer extended the stop beyond issuance of a verbal warning, but in doing so, found cocaine and marijuana in the vehicle. (*Id.*). Defendant was then taken to jail, where he made a series of incriminating phone calls to facilitate his drug related activities. (*See id.* at 2; Doc. 46 at p. 6). These events made up the indictment in a case now before the Honorable Shelley D. Dick in Case No. 16-00051-SDD-RLB ("the 00051 case"). (Doc. 42 at pp. 1-2).

In that case, Defendant was indicted by the grand jury on May 18, 2016, an arrest warrant was issued on May 19, 2016 and was executed on May 26, 2016. (*Id.*; Docs. 1, 2, 4). During the execution of that warrant, the officers discovered marijuana and a firearm that form the basis of the charges in the case *sub judice*. (Doc. 42 at p. 2; Doc. 53, Hr'g Tr. at p. 19:12-15).

On September 28, 2016, following the filing of a motion to suppress in the 00051 case, evidence as to the April 27, 2015 search of the vehicle was ordered suppressed based on a finding that the seizure of the evidence in that case was not justified. (Doc. 42 at p. 2). Defendant now argues that the evidence discovered incident to the arrest on May 26, 2016, all of which forms the bases of the case *sub judice*, is the core fruit of the unconstitutional seizure that occurred on April 27, 2015. (*Id.* at 2-3).

### III. DISCUSSION

In their pre and post-hearing briefings the Government raises two grounds for denying the suppression motion. First, the Government argues to the extent that the evidence in this case is tainted by the unconstitutional conduct that occurred on April 15, 2015 in the 00051 case, such a taint is too attenuated. (Doc. 46 at p. 5). Second, the government argues that the police conduct in this case falls under the good faith exception to the exclusionary rule, and thus, the evidence should not be suppressed. (*Id.* at 6).

A.      FRUIT OF THE POISONOUS TREE

To determine if evidence should be suppressed as the fruit of a poisonous tree "the . . . apt question in such a case is whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (internal quotation omitted). This question is a fact sensitive inquiry. *United States v. Miller*, 608 F.2d 1089, 1102 (5th Cir. 1979).

Defendant argues that every piece of evidence found in this case was part of "the Government's fishing expedition for evidence that Defendant was engaged in drug activity." (Doc. 56 at p. 2). The Government advances two primary arguments that the taint has been attenuated. First, the Government argues that Defendant engaged in separate and independent criminal activity involving narcotics. (Doc. 57 at p. 4). Second, the Government argues that the temporal proximity between the unconstitutional conduct and the discovery of evidence attenuated the taint. (*Id.*).

First, "[i]ndependent probable cause that develops after an illegal stop is 'a critical factor attenuating the taint of the initial illegal arrest.'" *United States v. Montez-Sanchez*, 535 F. App'x 440, 442 (5th Cir. 2013). Specifically, an independent crime perpetrated by the defendant presents independent probable cause that attenuates the taint of the poisonous tree. *Id.* Since an independent criminal action attenuates the taint of an unconstitutional seizure, in this case the attenuation of the taint began early on—when Defendant made phone calls from jail to facilitate the

3

distribution of drugs. (Doc. 46 at p. 6). Thus, this "critical factor" weighs in favor of the government.

Second, another relevant factor is the temporal proximity between the unconstitutional conduct and the discovery of the evidence now sought to be suppressed. *See Brown v. Illinois*, 422 U.S. 590, 603, 95 S. Ct. 2254, 2261, 45 L. Ed. 2d 416 (1975) (stating that temporal proximity is a "relevant" factor in determining whether the fruit of a poisonous tree has been attenuated). The temporal gap between the discovery of evidence that makes up the indictment of the above captioned case and the unconstitutional seizure is significant. The unconstitutional seizure was on April 27, 2015, and the evidence that makes up this indictment was not discovered until May 26, 2016—over one year later. (Doc. 56 at p. 1). Given that independent probable cause arose, and that the now challenged actions are separated from the unconstitutional actions by a significant amount of time, the motion to suppress must be denied.

### B.    GOOD FAITH EXCEPTION

"Under the good-faith exception, evidence obtained during the execution of a warrant later determined to be deficient is admissible nonetheless, so long as the executing officers' reliance on the warrant was objectively reasonable and in good faith." *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003). Defendant asserts that evidence that is the fruit of the poisonous tree can never be subject to the good faith exception, and that all of this was one big fishing expedition to attain evidence against Defendant. (Doc. 56. at pp. 2-3). The United States Supreme Court disagrees.

It has stated that, in relation to the fruits of a poisonous tree, "[t]he good faith exception to the exclusionary rule applies . . . where the . . . warrant, though ultimately obtained as a result of an illegal detention in violation of the Fourth Amendment, was obtained and executed by a law enforcement officer in good faith and under an objectively reasonable belief that it was valid and relied upon appropriately obtained evidence." *United States v. Massi*, 761 F.3d 512, 532 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2377, 192 L. Ed. 2d 164 (2015).

The Court is persuaded that the agents who executed the arrest warrant and discovered the marijuana and firearm in plain view acted objectionably reasonable. To begin with, the agents that executed the warrant did not do so until over one year after the unconstitutional conduct. (*See* Doc. 57 at p. 4). Additionally, the ruling to suppress evidence in the 00051 case had not yet been issued. (Doc. 42 at pp. 1-2). Further, the testimony indicates that agents of the Federal Bureau of Alcohol, Tobacco and Firearms ("ATF") executed the arrest warrant, while the initial unconstitutional seizure was perpetrated by an officer with the parish sheriff. (Doc. 53, Hr'g Tr. at p. 20:20-25; Doc. 46 at p. 1). Thus, the agents executing the arrest in the case *sub judice* were disconnected from the unconstitutional seizure and were unaware of constitutional flaws during the initial seizure.

Here, the agents were not executing a search warrant, only an arrest warrant, and there is no evidence that the agents intended to conduct an intrusive search, only a search related to the arrest. Additionally, Special Agent Mary Downie testifies that the purpose in the warrant was not to search, but to effectuate the arrest. (Doc. 53,

Hr'g Tr. at p. 19:5-7). This undercuts Defendant's argument that the discovery of the firearm and marijuana was part of a "fishing expedition" to search for evidence of Defendant's drug related activity. Because the agents executing the arrest warrant acted objectionably reasonable, the motion to suppress must be denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's **First Motion to Suppress (Doc. 42)** is **DENIED**.

Baton Rouge, Louisiana, this 7th day of December, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**