UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| QUINN P. REED | NO.:16-00079-BAJ-EWD |

RULING AND ORDER

Before the Court is Defendant Quinn P. Reed's **Post-Verdict Motion for Judgment of Acquittal (Doc. 66)**. Defendant seeks a judgment of acquittal of the offense charged in Count Two of the indictment, which charged Defendant with Possession of a Firearm by a Convicted Felon. (Doc. 66). For reasons explained herein, the Motion is **DENIED**.

I. BACKGROUND

Following a jury trial, Defendant was convicted of Possession of Marijuana with Intent to Distribute and Possession of a Firearm by a Convicted Felon. (Doc. 65). As to the second count, during the trial the Government introduced the expert testimony of Special Agent Robert Bodin to demonstrate that the firearm in question traveled through interstate commerce. (*See* Doc. 72, Trial Tr. at p. 128:12-13). Defendant argues that this testimony was insufficient for a jury to find that the firearm meets the interstate nexus element. (Doc. 67 at p. 7). The Government argues that under the high standard for judgment of acquittal, the motion should be denied because the evidence was sufficient for a rational jury to find the firearm met the interstate nexus element. (Doc. 74 at p. 2).

## II. DISCUSSION

The standard for granting a motion for judgment of acquittal is high. *See United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995). In evaluating the Motion, the Court must view "the evidence and the inferences that may be drawn from it in the light most favorable to the verdict." *United States v. Pruneda-Gonzalez*, 953 F.2d 190, 193 (5th Cir. 1992). Only if the Court finds that a rational jury could not have reached a guilty verdict may the Court grant the motion. *Id.*

In light of this standard, the Court is persuaded that the motion should be denied. Agent Bodin testified at length about his training and expertise in identifying whether firearms have traveled through interstate commerce. (*See* Doc. 72, Trial Tr. at pp. 125-28). In addition to his expertise, Agent Bodin conducted independent research on the firearm found in Defendant's bedroom. (*See Id.* at 135:3-5). When asked for his opinion on the location of the firearm, he indicated that he believed the firearm was manufactured in Ilion, New York by Remington. (*Id.* at 131:5-7). Further, Special Agent Bodin testified that, based on his expert knowledge, the model of the firearm in question has *only* ever been manufactured in New York. (*Id.* at 136:5-10). Finally, it is undisputed that the firearm was recovered in Louisiana. (*See Id.* at 72:16-25; *Id.* at 88:11-14; *Id.* at 102:20-24). Based on this information, the Court concludes that a rational jury could find that the Government demonstrated the interstate nexus requirement. Accordingly, the Motion for Judgment of Acquittal must be denied.

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant Quinn P. Reed's **Post-Verdict Motion for Judgment of Acquittal (Doc. 66)** is **DENIED.**

Baton Rouge, Louisiana, this 22nd day of February, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA