UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA — CRIMINAL ACTION

VERSUS

QUINN P. REED — NO. 16-00079-BAJ-EWD

**RULING AND ORDER**

Before the Court is Petitioner's *pro se* **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody**. **(Doc. 139)**.

The Government responded with a **Motion to Dismiss Movant's Motion Under 28 U.S.C. § 2255 (Doc. 142).** Petitioner filed a response. (Doc. 143). The Government filed a Reply Brief. (Doc. 144).

For the reasons below, Petitioner's Motion is **DENIED**. The Government's Motion is **GRANTED**.

## I. BACKGROUND

On July 7, 2016, the Grand Jury for the United States District Court for the Middle District of Louisiana handed down a two-Count Indictment against Petitioner Quinn P. Reed. (Doc. 1). The Indictment alleged:

(1) Possession with intent to distribute marijuana, in violation of Title 21, United States Code, Section 841(a)(1) (Count One); and

(2) Possession of a firearm following a felony conviction, in violation of Title 18,

United States Code, Section 922(g)(1) (Count Two).

On December 13, 2016, this matter proceeded to a jury trial. (Doc. 60). On December 14, 2016, the jury rendered a guilty verdict on both Counts of the Indictment. (Doc. 65).

Defendant filed a Post-Verdict Motion for Judgment of Acquittal, seeking acquittal of the offense charged in Count Two of the Indictment—possession of a firearm by a convicted felon. (Doc. 66). The Court denied the Motion. (Doc. 78).

On May 22, 2017, the Court sentenced Petitioner to 60 months of imprisonment on Count One and 120 months of imprisonment on Count Two, to run consecutively. (Doc. 95). Petitioner appealed the Judgment. (Doc. 93).

On December 5, 2018, the United States Court of Appeals for the Fifth Circuit entered its Mandate vacating Petitioner's sentence and remanding the case for resentencing. (Doc. 117).

Following the submission of a Revised Presentence Investigation Report (Doc. 119), the Court resentenced Petitioner on July 16, 2019. (Doc. 126). In its Amended Judgment, the Court sentenced Petitioner to 60 months of imprisonment on Count One and 112 months of imprisonment on Count Two, to run consecutively, for a total term of 172 months. (Doc. 128).

Petitioner appealed the Court's Amended Judgment. (Doc. 130). On September 9, 2020, the Fifth Circuit issued its Judgment affirming the Court's Amended Judgment. (Doc. 138). On October 13, 2020, the Fifth Circuit issued its

Mandate regarding same. (*Id.*).

On June 28, 2023, Petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 139). On July 21, 2023, the Government responded with a Motion to Dismiss Petitioner's Section 2255 Motion. (Doc. 142). For the following reasons, Petitioner's Motion will be **DENIED** and the Government's Motion will be **GRANTED**.

## II. LAW AND ANALYSIS

### A. Standard.

Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal, and that would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Specifically, the statute sets forth four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962).

A petitioner seeking relief under section 2255 must plead sufficient facts to establish a *prima facie* case of a constitutional violation. *United States v. Woods*, 870 F.2d 285, 287 (5th Cir. 1989). "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* at 288 n.3.

Finally, and importantly, the petitioner must show "actual prejudice" resulting from a constitutional violation in order to warrant relief. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). "Actual prejudice" occurs when the constitutional error "had substantial and injurious effect or influence" on the outcome of the proceeding. *See id.* (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

Section 2255 motions must follow strict timeliness and procedural requirements. With respect to timeliness, relief under Section 2255 is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). A Section 2255 motion must be brought one year after "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). There are exceptions that allow a petitioner to file a Section 2255 motion after the one-year final judgment deadline has passed. 28 U.S.C. § 2255(f). The only relevant exception here is that a petitioner can file a Section 2255 motion one year from the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).

**B. Discussion.**

A motion made under 28 U.S.C. § 2255 is subject to a one-year statute of limitations and "shall run from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). After an appeal affirming the Court's judgment, "for federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003).

Here, the Fifth Circuit issued its Judgment affirming this Court's Amended Judgment on September 9, 2020. (Doc. 138). The Government asserts that Petitioner had 150 days from the Fifth Circuit's September 9, 2020 Judgment to file an appeal to the U.S. Supreme Court, rather than the typical 90 days, based on a COVID-era Supreme Court Order. (Doc. 142-1 at 2 (citing Sup. Ct. Misc. Order (July 19, 2021), https://www.supremecourt.gov/orders/courtorders/071921zr_4g15.pdf (last visited Sep. 28, 2026))); *see also United States v. Reed*, No. CR 16-51-SDD-RLB, 2025 WL 3516469, at *2 (M.D. La. Dec. 8, 2025) (citing Sup. Ct. R. 13(1) ("a petition for a writ of certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment."); Sup. Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment . . . and not from the issuance date of the mandate[.]"); *see also* Supreme Court, Docket Search, https://www.supremecourt.gov/docket/docket.aspx (last visited Sep. 28, 2026)).

Assuming *arguendo* that Petitioner's appeal was subject to the more generous 150 days, the Judgment became final on February 8, 2021.[1] Accordingly, Petitioner had until February 8, 2022, to file his motion under Section 2255(f)(1). He failed to do so.

Petitioner's Motion was entered into the record on June 28, 2023. (Doc. 139). Nevertheless, under the prison mailbox rule, the Court must deem Petitioner's Motion filed when it was placed in the prison mailing system, which was on June 19, 2023. (*Id.* at 22); *see Reed*, 2025 WL 3516469, at *2 (citing *United States v. Nyamaharo*, 514 F. App'x 479, 480 (5th Cir. 2013)). Petitioner's June 19, 2023 Motion is untimely under Section 2255(f)(1) by more than a year.

Because Petitioner's Motion is untimely under Section 2255(f)(1), Petitioner must show that his claims fall under one of the other subsections of Section 2255(f) for the Court to consider his claims timely filed.[2] Petitioner raises three reasons why

---

[1] Because the 150th day fell on Saturday, February 6, 2021, the Judgment became final on the following Monday, February 8, 2021. (*See* Doc. 142-1 at 2).

[2] 28 U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

his sentence should be vacated, set aside, or corrected:

(1) 18 U.S.C. § 922(g)(l) is unconstitutional based on the Second Amendment;

(2) Petitioner's 2016 marijuana conviction does not qualify as a controlled substance offense under federal law, and accordingly, Petitioner is innocent;

(3) In light of *United States v. Taylor*, 596 U.S. 845, 845 (2022), Petitioner's sentence is unconstitutional.

(Doc. 139 at 4–17). The Court will address each in turn.

**1. Petitioner's First Argument Regarding the Constitutionality of 18 U.S.C. § 922(g)(l).**

First, Petitioner argues that his conviction should be vacated because 18 U.S.C. § 922(g)(l) is unconstitutional based on the Second Amendment. Petitioner appears to argue that the United States Supreme Court's Ruling in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), created a "newly recognized" rule of constitutional law that applies retroactively.

Under § 2255(f)(3), a movant has "one year from 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" *Dodd v. United States*, 545 U.S. 353, 357 (2005) (quoting

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2253(f)(3)). The Supreme Court's decision in *Bruen* was rendered on June 23, 2022, and the instant Motion was submitted to the prison mailing system on June 19, 2023. (Doc. 139).

Assuming that Petitioner's challenge to Section 922(g)(1) is timely because it was brought within one year of the Supreme Court's decision in *Bruen*, Petitioner "must show that the Supreme Court decision announced a new rule and that the new rule is retroactive to cases on collateral review." *Young v. United States*, No. 2:20-CR-04, 2025 WL 1369375 (S.D. W.Va. May 12, 2025) (citing *Teague v. Lane,* 489 U.S. 288, 308 (1989)). Petitioner cannot do so here.

This Court, along with multiple courts within the Fifth Circuit, have held that *Bruen* did not announce a new rule that would apply retroactively to cases on collateral review. *See, e.g., United States v. Robinson,* No. CR 19-00140-BAJ-EWD, 2026 WL 1819118, at *3 (M.D. La. June 24, 2026) (Jackson, J.) ("Multiple courts within the Fifth Circuit have held that *Bruen* did not announce a new rule that would apply retroactively to cases on collateral review.") (citing *United States v. Woods*, No. CR 21-87, 2025 WL 1810154, at * 3–4 (E.D. La. July 1, 2025) ("[T]he Supreme Court in *Bruen* did not hold that the case either established a newly recognized right or made that right retroactively applicable on collateral review."); *Kraut v. United States*, No. 3:18-CR-462-K-1, 2024 WL 4544122, at *3 (N.D. Tex. Oct. 22, 2024) ("The holdings in *Rahimi* and *Bruen* did not announce a new rule that may be asserted retroactively on collateral review."); *Contreras-Orosco v.*

*United States*, No. 17-00258, 2024 WL 4341551, at *2 (N.D. Tex. Sept. 27, 2024) ("[T]he holding in *Bruen* does not reset the statute of limitations under § 2255(f)(3) because '*Bruen* did not announce a new rule that may be asserted retroactively on collateral review.'"); *see also Macias v. United States*, No. 2:20-CR-051-Z-BR (1), 2026 WL 1483492, at *2 (N.D. Tex. May 27, 2026) (finding 2255 motion untimely under Section 2255(f)(3) because "Courts uniformly hold that *Bruen* does not reset the statute of limitations under Section 2255(f)(3) because '*Bruen* did not announce a new rule that may be asserted retroactively on collateral review.'"); *United States v. Davis*, No. CR 22-112, 2024 WL 5246603, at *4 (E.D. La. Dec. 30, 2024) ("[T]he Supreme Court [did not] announce a rule of retroactivity in *Bruen* such that it could form the basis of a § 2255(f)(3) motion.") (internal citations omitted).

Because the Supreme Court did not announce a rule of retroactivity in *Bruen* that could form the basis of a § 2255(f)(3) motion, Petitioner's first claim fails.

**2. Petitioner's Second Argument Regarding Whether Marijuana Conviction Qualifies as Controlled Substance Offense.**

Second, Petitioner argues that his 2016 marijuana conviction does not qualify as a controlled substance offense under federal law, and accordingly, he is innocent. Petitioner challenges the alleged lack of evidence presented at his trial and sentencing hearing showing that the marijuana seized from his residence contained

a certain percentage of tetrahydrocannabinol ("THC").[3] (Doc. 139 at 11). Petitioner relies on the 2018 Farm Bill, which he asserts "removed hemp from the federal schedule of controlled substances." (*Id.*).

The Government responds that "read generously, this must be a claim under § 2255(f)(4)," which provides that Petitioner may bring a Section 2255 motion one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." (Doc. 142-1 at 3). Even so, the Government urges that Petitioner's claim fails. (*Id.*).

The Court previously considered the same Petitioner's invocation of the 2018 Farm Bill and held:

> [I]f the 2018 Farm Bill *did* apply to [Petitioner], he has failed to show that he could not assert this claim by the time limit set forth in § 2255(f)(1)[. . .] "In applying § 2255(f)(4), the important thing is to identify a particular time when diligence is in order." This law was approved on December 20, 2018. "[I]n determining whether § 2255(f)(4) should be applied, the relevant inquiry should focus on when the factual predicate of a claim could have been discovered, as opposed to the date on which the petitioner has in his possession evidence to support his claim." As this is a public act, diligence was in order as of December 20, 2018. Thus, there is no reason apparent to the Court that, had [Petitioner] acted diligently, he could not have asserted this claim within the time established by § 2255(f)(1) [. . .]

*Reed*, 2025 WL 3516469, at *4. The same result must issue here. Because Petitioner has failed to show that he could not assert his claim arising out of the 2018 Farm Bill

---

[3] Tetrahydrocannabinol is the active constituent of marijuana. *Tetrahydrocannabinol (THC)*, BRITANNICA, https://www.britannica.com/science/tetrahydrocannabinol (last visited Sep. 28, 2026).

by February 8, 2021, the time limit set forth in Section 2255(f)(1), Petitioner's second claim fails.

### 3. Petitioner's Third Argument Regarding the Constitutionality of his Sentence Based on the Career Offender Guideline.

Finally, Petitioner asserts that in light of *United States v. Taylor*, 596 U.S. 845, 845 (2022), his sentence is unconstitutional because the Court should not have applied the "career offender" enhancement under USSG Manual § 4B1.1.[4] (Doc. 139 at 14).

The Government responds that *Taylor* has "nothing to do with whether [Petitioner's] prior state convictions qualify as predicates under the career offender guideline[.]" (Doc. 142-1 at 7–8).

In *Taylor*, the Supreme Court examined whether an attempted Hobbs Act robbery constitutes a crime of violence under the elements clause of § 924(c)(3)(A). *See Taylor*, 596 U.S. at 850. The Supreme Court held that an attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 924(c) because it does not have as an element the use, attempted use, or threatened use of force. *See id.* at 851.

Here, however, Petitioner's predicate offenses warranting the invocation of the career offender guideline were not Hobbs Act robbery or attempted robbery. Rejecting

---

[4] The Supreme Court rendered its decision in *Taylor* on June 21, 2022, and the instant Motion was submitted to the prison mailing system on June 19, 2023. (Doc. 139). Assuming that the claim is timely under Section 2255(f)(3), Petitioner's claim independently fails.

the same argument raised here, the Court emphasized:

> To provide relief under § 2255(f)(3), *Taylor* must "dictate the right urged by [Petitioner]," meaning there is no other reasonable interpretation of the holding. In *Taylor*, the Supreme Court distinguished a *completed* Hobbs Act robbery from an *attempted* Hobbs Act robbery for purposes of qualifying as a predicate crime of violence under § 924(c)(3)(A), which "covers offenses that have as an element the use, attempted use, or threatened use of physical force against the person or property of another." Thus, "[w]hatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause."
>
> *Taylor* is entirely inapplicable here, where [Petitioner] challenges his designation as a career offender under USSG §§ 4B1.1 and 4B1.2. None of [Petitioner's] predicates involved a robbery of any kind, let alone an attempted robbery. [Petitioner] ignores his simple kidnapping conviction and rather focuses his *Taylor* argument on his 2014 conviction for "attempted possession with the intent to distribute marijuana." Because *Taylor* does not dictate any rule concerning attempted drug offenses, [Petitioner's] claim is untimely.
>
> Additionally, the Fifth Circuit has often held that cases like *Taylor* that interpret statutes do not dictate claims like [Petitioner's] because his claim does not involve a statute; rather, it involves the career offender guideline. This is an important distinction because the Guidelines do "not increase the statutory minimum or maximum penalty a defendant faced. The Guidelines only cabined a judge's discretion in choosing a sentence within the statutory range." [Petitioner's] argument is not that his conduct fell outside the scope of a criminal statute or is forbidden by a certain category of punishment; rather, his argument is explicitly that the Court incorrectly calculated his sentence under the Guidelines. As such, in addition to being untimely, this claim is not cognizable in a § 2255 motion.

*Reed*, 2025 WL 3516469, at *3–4 (internal citations omitted). Again, the same result must issue here. As the Government points out, "none of the predicates [Petitioner]

challenges involve a robbery of any kind, let alone an attempted robbery."[5] (Doc. 142-1 at 8). Thus, *Taylor* is inapplicable, and Petitioner's third claim fails.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's **Motion Under 28 U.SC. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 139)** be and is hereby **DENIED**.

---

[5] The Presentence Investigation Report states:

> **Chapter Four Enhancement**: Pursuant to USSG § 4B1.1(a), if the defendant was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense; therefore, the defendant is a career offender. On November 14, 2000, the defendant pled guilty to ***simple kidnapping***, a crime of violence, in Docket No.: 00CR869, 20th Judicial District Court, Clinton, Louisiana. On December 1, 2014, the defendant pled guilty to ***attempted possession with the intent to distribute marijuana and attempted possession of illegal firearm*** by a convicted felon, a controlled substance offense and a crime of violence, in Docket No.: 08-10-0200, 19th Judicial District Court, Baton Rouge, Louisiana. Therefore, the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Therefore, he is a career offender. The offense level for a career offender is 32 because the statutory maximum term of imprisonment in count one is 20 years. USSG §4B1.1(b)(3).

(Doc. 81 at 10–11 (emphasis added)).

**IT IS FURTHER ORDERED** that **Motion to Dismiss Movant's Motion Under 28 U.S.C. § 2255 (Doc. 142)** is **GRANTED**.

Baton Rouge, Louisiana, this 29th day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**